Evaks, J.
delivered the opinion of the Court.
Taking all the facts, as testified on both sides, there is no doubt that the prosecution instituted by M’Lendon against Sims for the murder of his wife, was without any probable cause, and that it originated purely in malice; and such was the opinion and the charge of the Circuit Judge. But the defendant’s second and third grounds of appeal require some consideration. If, as would seem from the way in which it is stated, the 2d ground means that the jury should decide on the existence of probable cause from the evidence alone which was offered by the defendant at the trial, without regard to the plaintiff’s evidence in reply, then it is too plain to require argument, that the proposition cannot be sustained. *560 But jf it appears that the defendant acted on information , received from others, which was sufficient to excite a belief ' of guilt in an impartial mind, he would not be liable to this action, although the information should turn out to be false— then the proposition is true. Take, for example, the case of presumptive evidence usually put in the books, where A sees B coming out of a room with a bloody knife, and on entering, a person is found dead, evidently from wounds inflicted by a sharp instrument; and upon this he causes B to be arrested and indicted for murder; he would not be liable although it should turn out that B was innocent, and that the deceased had committed'suicide. The law is the same where the prosecutor acted on the information of another; as in the case of Coxe v. Worrell, where the defendant, on the information of his daughter, a small girl, that the plaintiff had ravished her, caused the plaintiff to be arrested and indicted. Croke was of opinion this was no cause, because he was too credulous; but all the other Judges were of a contrary opinion, and held that it was “ good cause to excuse him from maliciously procuring the indictment, which is the ground of the action.” Neither would a prosecutor be liable where he acted honestly, but under mistaken advice as to the law. 'This was settled by the case of Snow v. Allen, and the case of Fields v. Gibbs, decided in this court. Whether these cases have been decided on the ground, that the facts proved rebutted the presumption of malice, or shewed a probable cause existing in the mind of the defendant when he instituted the prosecution, is not so very clear from the authorities, and about which there is a difference of opinion in this Court. In Coxe v. Worrell, it is said the information which the defendant had received was good cause to excuse him from the charge of maliciously procuring the indictment. But it is said by Colridge, J. in James v. Phelps, that it had been decided in Delagal v. Highly, that reasonable and probable cause must be that which existed in the mind of the prosecutor at the time. In that case, the defendant pleaded specially certain facts and circumstances, calculated to excite a reasonable ground of suspicion. On demurrer, the plea was held to be bad, because it was not averred that these facts and circumstances had been communicated or were known to the defendant at the time he instituted the prosecution. But whether this class of cases are to be referred to the absence of malice or the existence of probable cause, is wholly immaterial to the decision of this cause. On the circuit, no such ground was taken, and there was nothing in the evidence requiring the Circuit Judge to notice and bring such a distinction to the view of the jury. The only information which it was proved the defendant had at the time he made the affidavit before the magistrate was, *561 what was stated by Mathews, that “ he saw no marks” upon her; she was much swelled and bloated; she said, 5 or 6 days before her death, that “ she was almost gone, and John1 Sims was the cause of it.” There was, certainly, nothing in this to excite belief of guilt in an impartial mind. The case, therefore, depended on whether, from all the evidence, there was probable cause; and in- that aspect it was presented to the jury.
Cro. Jac. 193.
0 „ j. " Rep’ 485. Sp. T. 1837.
3 Bing! N. C. 950. ' *
*561 The only remaining question which was argued, was whether the evidence of Windham was admissible. The admissibility of evidence often depends on the purpose for which it is offered. It may be admissible for one purpose, and inadmissible for another, as wholly irrelevant. If it had been proved that Mrs. Sims died of the effects of certain wounds inflicted on her by some person, and the question was whether the plaintiff had inflicted them, then proof that he had severely beaten her before, might be received as a circumstance to shew tha .probability he inflicted the beating of which she died. ' But the whipping which Sims stated to Windham he hád given her, was inflicted years before, and had not the remotest connexion with her death. It was wholly irrelevant to the issue before the Court. Nor was it admissible in mitigation, for it was not pretended that the defendant knew of or acted on it when he instituted the prosecution. But the fact (whether admissible or not) was stated by the witness, in the hearing of the jury, and under the circumstances of the case this Court will not grant a new trial on that ground.
That the plaintiff is a brutal wretch, who deserved no favor, I think is very clear. But it seems to me that the defendant’s position is almost as blameable. Mrs. Sims had been dead near three years. She was buried without inquest, and without any charge made by her family, that she had died of violence. At the end of that time, the defendant, a mere stranger, for the gratification of his malice, preferred the charge of murder against her husband. I have little doubt that the amount of the verdict was fixed by the jury with reference more to the defendant’s demerits than the plaintiff’s merit. The amount is high, considering the ability of the defendant to pay, but this Court does not think it a case requiring a departure from the general rule, that in cases where there is no particular measure of damages, the jury are the proper judges.
The motion is dismissed.
O’Neall, J. — Wardlaw, J. — and Frost, J. — concurred.

Motion refused.